**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4655**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

CHARLES EDWARD MCCOY,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:08-cr-00404-JFA-1)

Submitted: May 26, 2010　　　　　　Decided: June 18, 2010

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Jeffrey Mikell Johnson, Marshall Prince, II, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles McCoy appeals from his conviction and 180-month sentence following a guilty plea to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). McCoy's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting McCoy's guilty plea, and whether McCoy's sentence is reasonable. In his pro se supplemental brief, McCoy alleges ineffective assistance of counsel. We affirm.

During McCoy's plea hearing, in compliance with Rule 11, the district court properly informed McCoy of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, found that McCoy was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes McCoy knowingly and voluntarily entered into his guilty plea with a full understanding of its consequences and there was no error in the district court's acceptance of his plea.

McCoy also questions whether his sentence is reasonable. This court reviews a sentence for reasonableness,

2

applying an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and the substantive reasonableness of a sentence. <u>Id.</u> In determining whether a sentence is procedurally reasonable, this court must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. <u>Id.</u>; <u>see also</u> <u>United States v. Lynn</u>, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."). Here, we find no procedural errors. Although the district court's explanation for McCoy's 180-month sentence was brief, we find it adequate in view of the fact that both parties requested that sentence.

We next review the substantive reasonableness of the sentence. McCoy was sentenced to the mandatory minimum terms of imprisonment under the statutes of conviction. Accordingly, the district court had no discretion to impose a lower sentence, <u>see</u> <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir. 2005), and McCoy's sentence is per se reasonable, <u>see</u> <u>United States v. Farrior</u>, 535 F.3d 210, 224 (4th Cir. 2008).

Finally, McCoy's pro se claim that counsel rendered ineffective assistance must be considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp.

3

2009), unless counsel's alleged deficiencies conclusively appear on the record.  See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because we find no conclusive evidence on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform McCoy, in writing, of his right to petition the Supreme Court of the United States for further review.  If McCoy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McCoy.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4